[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10616
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00086-CDL

MARYANN BRUNO,

Plaintiff-Appellant,

versus

GREENE COUNTY SCHOOLS, et al.,

Defendants,

GREENE COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 3, 2020)

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Maryann Bruno alleges that the Greene County School District did not hire her as an assistant principal because of her race and age. The district court disagreed and granted summary judgment against her Title VII and age discrimination claims. Because Bruno has failed to demonstrate that the School District's proffered reasons for not hiring her were a pretext for discrimination, we affirm.

I.

Bruno is a white female in her fifties. Beginning in 2013, she served as the dean of students at the Union Point STEAM Academy, a charter school in Greene County, Georgia. During the relevant timeframe, the charter school was unique within the Greene County School District and was granted the "maximum flexibility allowed by law" to achieve certain academic goals. The school operated with an autonomous Local Governing Board that was empowered to exercise substantive control over its personnel, finances, curriculum, and day-to-day operations. Although granted substantial flexibility, the charter school operated under the governance of the Green County School District.

In October 2014, the Local Governing Board recommended abolishing the dean of students position and creating an assistant principal position instead. The

2

School District approved the decision. Although Bruno performed many of the duties of an assistant principal in her role as the dean of students, she was told that she would have to reapply for the position of assistant principal. Bruno applied but was not selected.

The School District asserts that, unlike the dean of students position, the assistant principal position required an educational leadership certificate from the Professional Standards Commission (the state entity responsible for the certification of educators). The job description specifically mentions this requirement, although it also states—under the list of requirements—that the "Board of Education and the Superintendent may accept alternative [sic] to one of the above requirements." Bruno did not have a leadership certificate, so she was transferred to a middle school art teacher position. She alleges that the School District's January 2015 decision to hire a younger African American candidate to fill the assistant principal position was predicated on discrimination based on her race and age. She brought claims against the School District under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). [1]

---

[1] Bruno initially brought claims against other defendants. She also challenged other personnel decisions and raised claims of gender discrimination and retaliation in violation of Title VII and the Georgia Whistleblower Act of 1993, O.C.G.A. § 45-1-4. She has expressly abandoned those other claims on appeal, however, and we address only her claims of race and age discrimination regarding the assistant principal position.

3

In defense, the school district provided two nondiscriminatory reasons for its hiring decision. *First*, the person hired for the assistant principal position—Yolanda Curry-Hutchins—possessed a leadership certificate while Bruno did not. *Second*, the Local Governing Board recommended hiring Curry-Hutchins. The School District's practice was to accept recommendations from the Local Governing Board with respect to personnel decisions.

The district court granted the School District's motion for summary judgment. Assuming that Bruno established a prima facie case of discrimination, the court determined that she failed to show that both of the School District's proffered nondiscriminatory reasons were pretextual. Therefore, it concluded that she failed to carry her burden.

## II.

We review the grant of summary judgment de novo, applying the same legal standards as the district court. *Alvarez v. Royal Atlantic Developers*, *Inc*. 610 F.3d 1253, 1263 (11th Cir. 2010). The question is whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 1264. A non-moving party cannot survive summary judgment by presenting "a mere scintilla of evidence" supporting her position and must instead present evidence from which a reasonable jury could find in her favor. *Brooks v.*

4

*Cty Comm'n of Jefferson Cty*, 446 F.3d 1160, 1162 (11th Cir. 2006) (internal quotation marks omitted).  We "may affirm the District Court on any basis supported by the record."  *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006).

### III.

Bruno argues that the district court improperly granted summary judgment to the School District because she presented evidence rebutting and discrediting the reasons offered for her nonselection.  We disagree.

Title VII makes it unlawful for an employer to refuse to hire "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  An employee can prove intentional discrimination using direct, circumstantial, or statistical evidence.  *Alvarez*, 610 F.3d at 1264.  When the plaintiff relies on circumstantial evidence for a Title VII claim, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Id.*

The ADEA, in turn, prohibits employers from firing employees who are more than forty years old because of their age.  *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015).  The *McDonnell Douglas* framework also applies to ADEA claims based on circumstantial evidence.  *Id.*

5

Under the *McDonnell Douglas* framework, if a plaintiff establishes a prima facie case of discrimination, the defendant must articulate a legitimate, nondiscriminatory reason for its actions. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). "The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Id.* (internal citation omitted). If a nondiscriminatory reason is articulated, the plaintiff must show that the employer's proffered reason is actually a pretext for discrimination. *Alvarez*, 610 F.3d at 1264. The "ultimate burden of persuasion remains on the plaintiff to show that the defendant intentionally discriminated against her." *Id.*

To establish pretext, the plaintiff must show that the proffered reason was false *and* that the real reason was discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 US. 502, 515 (1993). The plaintiff may accomplish this by producing "sufficient evidence to allow a reasonable finder of fact to conclude that the [employer's] articulated reasons were not believable." *Brooks*, 446 F.3d at 1163. An employee must meet the employer's proffered reason "head on" and rebut it. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each reason to survive a motion for summary judgment. *Id*. at 1037. If

6

the plaintiff fails to show pretext, we will affirm the grant of summary judgment on that ground. *EEOC v. Total Sys. Servs.*, 221 F.3d 1171, 1177 (11th Cir. 2000).

Here, like the district court, we assume that Bruno has established her prima facie case and move to the second step of the *McDonnell Douglas* analysis. On this point, the School District has posited two legitimate, non-discriminatory reasons for not promoting Bruno to the assistant principal position: (1) she did not have a leadership certificate; and (2) the Local Governing Board recommended a different candidate. Bruno argues that she has presented evidence that rebuts both reasons.[2]

Bruno devotes most of her brief to discrediting the School District's reliance on the Local Governing Board's recommendation. She argues that, because the School District failed to articulate *why* the board recommended Curry-Hutchins, it failed to meet its burden of articulating a nondiscriminatory reason for its

---

[2] One of Bruno's arguments is that the district court erroneously considered the deposition testimony of the School District's corporate representative under Rule 30(b)(6). She argues that because he testified to matters outside of his personal knowledge, the School District failed to introduce admissible evidence of its nondiscriminatory reasons for failing to hire her. Her argument is unpersuasive. An organization's Rule 30(b)(6) witness may "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). And even if Bruno's characterization of the testimony were correct, as the Sixth Circuit recently explained, "evidence considered at the summary judgment stage need not be 'in a form that would be admissible at trial,' as long as the evidence could ultimately be presented in an admissible form." *See Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 430–31 (6th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

decision.[3]  We disagree.  The Greene County Board of Education's minutes show that the School District relied on the recommendation when selecting Curry-Hutchins as the assistant principal.[4]  And a charter school's expressed preference is certainly the type of reason that would "motivate a reasonable employer," such as the School District, to hire one administrator instead of another.  *See Alvarez*, 610 F.3d at 1265–66.  In the face of such a reason, the burden is on Bruno to show pretext.[5]  "A reason is not pretext for discrimination unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."  *Brooks*, 446 F.3d at 1163 (internal quotation marks and citation omitted).  Here, Bruno has failed to show either.  She has pointed to no evidence suggesting that the Local Governing Board did not actually recommend Curry-Hutchins, that such a recommendation was motivated by discriminatory animus, or that the School District's reliance on

[3] Although Bruno initially sued the Union Point STEAM Academy as well, she later agreed to dismiss them.

[4] This was the customary practice.  The School District's corporate representative testified that the Local Governing Board was given broad discretion to choose "who they thought would be the best candidate," and that he could not remember the School Board ever failing to approve a hiring recommendation.

[5] In this Circuit, we recognize a "cat's paw" theory of discrimination, which may be "established if the plaintiff shows that the decisionmaker followed [a] biased recommendation without independently investigating the complaint against the employee."  *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999).  Although this theory is not explicitly advanced in this case, we note that it would not help Bruno in any event.  In such cases, the burden is on the plaintiff to prove that the recommender's discriminatory animus caused the adverse employment action.  *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1248 (11th Cir. 1998).  Here, in the absence of any evidence from Bruno that the Local Governing Board's recommendation was born of discriminatory animus, she cannot establish this required causal link.

the recommendation was a pretext for its own discrimination.  As the district court explained, the absence of evidence as to the local board's rationale is not evidence that the recommendation was motivated by Bruno's race or age.  In the face of a complete lack of evidence that race or age motivated the hiring recommendation, Bruno cannot rebut this proffered nondiscriminatory reason and has not carried her burden of proof.

The School District also explained that it hired Curry-Hutchins because she held a leadership certificate whereas Bruno did not.  The possession of an additional certification is a reason that would motivate a reasonable employer to choose one candidate over another.  In an attempt to show pretext, Bruno points to evidence suggesting that, in practice, a leadership certificate was not always required for someone to be selected for the position of assistant principal.  While we recognize that this conflicts with the School District's assertion that this was a prerequisite, the resolution of this factual dispute is unnecessary.  Even if Bruno is entirely correct, and the School District did not *require* the certificate, it is still entitled to prefer a candidate who has a certificate over one who does not.  The evidence shows that Curry-Hutchins had a leadership certificate, and Bruno did not.  This is a plainly nondiscriminatory reason upon which to base a hiring decision and Bruno has not met her burden of providing evidence that (1) the reason was false and (2) discrimination was the real reason.

**AFFIRMED.**